# EXHIBIT 1

Versata's First Amended Complaint, filed Aug. 25, 2008 in the Eastern District of Texas

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC.; and VERSATA DEVELOPMENT GROUP, INC., f/k/a TRILOGY DEVELOPMENT GROUP, INC. § § § § § | |
| | CIVIL ACTION NO. 2:08-cv-313 TJW |
| Plaintiffs, § § | |
| v. § | JURY TRIAL DEMANDED |
| § | |
| INTERNET BRANDS, INC. f/k/a CARSDIRECT.COM, INC., AUTODATA SOLUTIONS COMPANY, and AUTODATA SOLUTIONS, INC. § § § § § | |
| Defendants. § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc. and Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc. (collectively "Versata") file this First Amended Complaint against Defendants Internet Brands, Inc. f/k/a CarsDirect.com, Inc., Autodata Solutions Company, and Autodata Solutions, Inc. (collectively "Defendants").

## PARTIES

1. Plaintiff Versata Software, Inc., f/k/a Trilogy Software, Inc., is a corporation existing under the laws of Delaware with its principal place of business at 6011 W. Courtyard, Austin, Texas, 78730.

2. Plaintiff Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc., is a corporation existing under the laws of Delaware with its principal place of business at 6011 W. Courtyard, Austin, Texas, 78730.

3. Upon information and belief, Defendant Internet Brands, Inc. f/k/a CarsDirect.com, Inc. is a corporation existing under the laws of Delaware with its principal place of business at 909 North Sepulveda Blvd., 11th Floor, El Segundo, California 90245.

4. Upon information and belief, Defendant Autodata Solutions Company is a corporation existing under the laws of Nova Scotia, Canada with its principal place of business at 345 Saskatoon Street, London, Ontario, N5W 4R4, Canada and with its principal place of U.S. business at 755 West Big Beaver Road, Suite 127, Troy, Michigan 48084-4900.

5. Upon information and belief, Defendant Autodata Solutions, Inc. is a Delaware corporation with its principal place of business at 755 West Big Beaver Road, Suite 127, Troy, Michigan 48084-4900.

## JURISDICTION AND VENUE

6. This is an action, in part, for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271 and for a determination under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201-02.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (d) and 1400(b).

## BACKGROUND

9. This is not the first suit Versata has been forced to bring against Defendants. In December, 1999, Versata filed suit against Defendants for patent-infringement and other causes of action. The patent-infringement claims were based upon U.S. Patent 5,825,651 (the '651 patent), which was duly and legally issued by the USPTO on October 20, 1998, and is entitled "Method and Apparatus for Maintaining and Configuring Systems." Versata held and continues

to hold all right, title, and interest in and to the '651 patent (a true and correct copy of which is attached hereto as Exhibit C). That suit was settled on or about May 1, 2001, and the settlement is reflected in an agreement entitled Confidential Settlement and License Agreement (the "Settlement Agreement"). The terms of the settlement agreement are designated as confidential.

10. Versata has recently discovered that, contrary to the provisions of the Settlement Agreement, Defendants have been making representations to potential business targets regarding the terms of the Settlement Agreement. In fact, Defendants have been disclosing and misrepresenting the terms of the Settlement Agreement in attempting to win business in direct competition with Versata. Specifically, Defendants have misrepresented that they have a complete license from Versata to use and sell their various technical solutions to customers. Such misrepresentations were made, at a minimum, to Chrysler during a sales pitch by Defendants that ultimately had the effect of winning the Chrysler account from Versata. Contrary to Defendants' representations, however, Defendants do not have a general license from Versata; instead the license granted in the Settlement Agreement is limited to the specific terms provided in that agreement.

11. Defendants are well-aware of the terms of the Settlement Agreement, yet nonetheless are competing against Versata by misrepresenting the scope of their license in order to assuage concerns clients may have that their technical solutions infringe Versata's intellectual property. As a result, Defendants were able to lure at least one client from Versata and could steal more if this wrongdoing is allowed to continue.

12. As a result of Defendants' breach of the Settlement Agreement and other wrongdoing as set forth herein, on August 22, 2008 Versata sent notice to Defendants revoking and terminating the license granted to Defendants in the Settlement Agreement.

13. Moreover, as Defendants know, Versata has a large patent portfolio that extends far beyond the scope of patents licensed under the Settlement Agreement. Two of those patents are at issue in this case, as well as two additional patents related to the '651 patent.

14. On October 31, 2006, the USPTO duly and legally issued United States Patent No. 7,130,821 ("the '821 patent"), entitled "Method and Apparatus for Product Comparison." Versata holds all right, title, and interest in and to the '821 patent (a true and correct copy of which is attached hereto as Exhibit A).

15. On April 17, 2007, the USPTO duly and legally issued United States Patent No. 7,206,756 ("the '756 patent"), entitled "System and Method for Facilitating Commercial Transactions Over a Data Network." Versata holds all right, title, and interest in and to the '756 patent (a true and correct copy of which is attached hereto as Exhibit B).

16. On January 6, 2004, the USPTO duly and legally issued United States Patent No. 6,675,294 ("the '294 patent"), entitled "Method and Apparatus for Maintaining and Configuring Systems." Versata holds all right, title, and interest in and to the '294 patent (a true and correct copy of which is attached hereto as Exhibit D).

17. On June 11, 2002, the USPTO duly and legally issued United States Patent No. 6,405,308 ("the '308 patent"), entitled "Method and Apparatus for Maintaining and Configuring Systems." Versata holds all right, title, and interest in and to the '308 patent (a true and correct copy of which is attached hereto as Exhibit E)

18. Upon information and belief, Defendants make, use, license, sell, offer for sale, or import in the State of Texas, in this judicial district, and elsewhere within the United States, software that infringes the '651, '756, '821, '294, and '308 patents, as well as related services.

## COUNT I: INFRINGEMENT OF THE '821 PATENT

19. Versata realleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 18.

20. Defendants have been and are now directly infringing (and indirectly infringing by way of inducing infringement and/or contributing to the infringement) the '821 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software and related services covered by one or more claims of the '821 patent, all to the injury of Versata.

21. Defendants' acts of infringement have been willful, deliberate, and in reckless disregard of Versata's patent rights, and will continue unless permanently enjoined by this Court.

22. Versata has been damaged by Defendants' infringement of the '821 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Defendants are permanently enjoined from infringing the '821 patent.

## COUNT II: INFRINGEMENT OF THE '756 PATENT

23. Versata realleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 18.

24. Defendant Internet Brands, Inc. ("CarsDirect") has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement, the '756 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software and related services covered by one or more claims of the '756 patent, all to the injury of Versata.

25. Defendant CarsDirect's acts of infringement have been willful, deliberate, and in reckless disregard of Versata's patent rights, and will continue unless permanently enjoined by this Court.

26. Versata has been damaged by Defendant CarsDirect's infringement of the '756 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Defendants are permanently enjoined from infringing the '756 patent.

## COUNT III: BREACH OF SETTLEMENT AGREEMENT

27. Versata realleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 18.

28. On or about May 1, 2001, the parties settled a previous lawsuit by executing the Settlement Agreement. Article IV of the Settlement Agreement provides several provisions requiring confidentiality regarding the agreement.

29. The Settlement Agreement was and is a valid contract, and Versata has performed its obligations thereunder. Defendants materially breached these provisions by discussing the Settlement Agreement with potential sales targets, including Chrysler. Defendants' breaches caused damage to Versata including the loss of at least one customer, Chrysler.

## COUNT IV: TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

30. Versata realleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 18.

31. Versata had a valid contract with Chrysler for the provision of online retail shopping applications for OEM and dealer websites including, but not limited to, automotive configuration, pricing, vehicle locate, inventory search, and quick quote. Defendants were well aware of such contracts when they approached Chrysler to pitch their own solution in order to

replace Versata for all or some of these services. During the sales process, Defendants' representatives made statements to Chrysler personnel to the effect that Defendants were fully licensed by Versata to make and use the technology Defendants were selling to Chrysler as a replacement for Versata's own solutions. These statements were knowingly false and were material both to Chrysler and to Defendants' own sales presentations. In making these misrepresentations, Defendants intentionally interfered with Versata's contract with Chrysler, proximately causing Chrysler to terminate the contract, depriving Versata of millions of dollars in revenues and profits under said contract. On information and belief, Defendants have made similar false representations to other current customers of Versata.

## COUNT V: TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

32. Versata realleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 18 and paragraph 31.

33. In addition to losing its existing contract with Chrysler, Versata also had a reasonable probability of entering into new and/or extended business relationships and contracts with Chrysler. Defendants' actions as set forth above intentionally interfered with such prospective relationships. Said interference proximately caused injury and harm to Versata in the form of millions of dollars in future revenues and profits from Chrysler. Defendants' conduct as set forth herein was independently tortious and/or unlawful.

34. On information and belief, Defendants have made similar misrepresentations to other current and prospective Versata customers in the automotive industry, with whom Versata has or had a reasonable probability of entering into new and/or extended business relationships and contracts. Defendants' actions as set forth above intentionally interfered with such prospective relationships. Said interference proximately caused injury and harm to Versata in

**PLAINTIFFS' FIRST AMENDED COMPLAINT – PAGE 7**
AUSTIN 45454

the form of millions of dollars in future revenues and profits. Defendants' conduct was independently tortious and/or unlawful.

## COUNT VI: DECLARATORY JUDGMENT

35. Versata realleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 18 and 28–29.

36. As set forth above, on August 22, 2008 Versata sent notice to Defendants revoking and terminating the license granted to Defendants in the Settlement Agreement. On information and belief, Defendants' dispute the validity of Versata's termination/revocation and further dispute whether or not they have a valid license to practice the inventions described in the '651, '294, and '308 patents. Thus, a valid and justiciable controversy has arisen and exists between Versata and Defendants within the meaning of 28 U.S.C. § 2201.

37. Versata seeks a judicial determination and declaration of the respective rights and duties of the parties, including but not limited to, a judgment declaring that its August 22, 2008 revocation and termination of the license granted to Defendants is valid and effective. Such a determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## COUNT VII: INFRINGEMENT OF THE '651 PATENT

38. Versata realleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 18; 28–29; and 36–37.

39. As set forth above, Versata has terminated and revoked the license granted to Defendants in the Settlement Agreement to practice the inventions claimed in the '651 patent.

40. As such, Defendants have been and are now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement, the '651 patent in the State of Texas, in this judicial district, and elsewhere within the United States by,

among other things, making, using, licensing, selling, offering for sale, or importing software and related services covered by one or more claims of the '651 patent, all to the injury of Versata.

41. Defendants' acts of infringement have been willful, deliberate, and in reckless disregard of Versata's patent rights, and will continue unless permanently enjoined by this Court.

42. Versata has been damaged by Defendants' infringement of the '651 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Defendants are permanently enjoined from infringing the '651 patent.

43. Versata expressly disclaims bringing any claims based upon the '651 patent that arose on or before the effective date of the Settlement Agreement. All claims brought in this suit arose after that date.

## COUNT VIII: INFRINGEMENT OF THE '294 PATENT

44. Versata realleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 18; 28–29; and 36–37.

45. As set forth above, Versata has terminated and revoked the license granted to Defendants in the Settlement Agreement to practice the inventions claimed in the '294 patent.

46. As such, Defendants have been and are now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement, the '294 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software and related services covered by one or more claims of the '294 patent, all to the injury of Versata.

47. Defendants' acts of infringement have been willful, deliberate, and in reckless disregard of Versata's patent rights, and will continue unless permanently enjoined by this Court.

48. Versata has been damaged by Defendants' infringement of the '294 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Defendants are permanently enjoined from infringing the '294 patent.

49. Versata expressly disclaims bringing any claims based upon the '294 patent that arose on or before the effective date of the Settlement Agreement. All claims brought in this suit arose after that date; indeed the patent did not issue until after the effective date of the Settlement Agreement.

## COUNT IX: INFRINGEMENT OF THE '308 PATENT

50. Versata realleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 18; 28–29; and 36–37.

51. As set forth above, Versata has terminated and revoked the license granted to Defendants in the Settlement Agreement to practice the inventions claimed in the '308 patent.

52. As such, Defendants have been and are now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement, the '308 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software and related services covered by one or more claims of the '308 patent, all to the injury of Versata.

53. Defendants' acts of infringement have been willful, deliberate, and in reckless disregard of Versata's patent rights, and will continue unless permanently enjoined by this Court.

54. Versata has been damaged by Defendants' infringement of the '308 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Defendants are permanently enjoined from infringing the '308 patent.

55. Versata expressly disclaims bringing any claims based upon the '308 patent that arose on or before the effective date of the Settlement Agreement. All claims brought in this suit arose after that date; indeed the patent did not issue until after the effective date of the Settlement Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief against Defendants:

A. A judgment in favor of Versata that Defendants have infringed, directly and indirectly by way of inducing infringement and/or contributing to the infringement of Versata's '821, '651, '294, and '308 patents;

B. A permanent injunction, enjoining Defendants and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, and parents from infringing, inducing the infringement of, or contributing to the infringement of Versata's '821, '651, '294, and '308 patents;

C. A judgment and order requiring Defendants to pay Versata damages for Defendants' infringement of Versata's '821, '651, '294, and '308 patents, together with interest (both pre- and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284;

D. A judgment in favor of Versata that Defendant CarsDirect has infringed, directly and indirectly by way of inducing infringement and/or contributing to the infringement of Versata's '756 patent;

E. A permanent injunction, enjoining Defendant CarsDirect and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, and parents from infringing, inducing the infringement of, or contributing to the infringement of Versata's '756 patent;

F. A judgment and order requiring Defendant CarsDirect to pay Versata damages for Defendants' infringement of Versata's '756 patent, together with interest (both pre- and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284;

J. A judgment and order finding Defendants' infringement willful and awarding treble the amount of damages and losses sustained by Versata as a result of Defendants' infringement under 35 U.S.C. § 284;

K. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Versata its reasonable attorneys' fees;

L. A judgment and order requiring Defendants to pay Versata damages under its non-patent causes of action, including pre- and post-judgment interest, attorneys' fees, court costs, and exemplary damages;

M. A judicial determination and declaration of the respective rights and duties of the parties, including but not limited to, a judgment declaring that Versata's August 22, 2008 revocation and termination of the license granted to Defendants in the Settlement Agreement is valid and effective; and

N. Such other and further relief in law or in equity to which Versata may be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of any and all issues triable of right before a jury.

Dated: August 25, 2008.    Respectfully submitted,

**McKOOL SMITH P.C.**

By: /s/ Sam Baxter
Sam Baxter
Lead Attorney
Texas State Bar No. 01938000
104 Houston Street, Suite 300
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099
sbaxter@mckoolsmith.com

Mike McKool, Jr.
Texas State Bar No. 13732100
300 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044
mmckool@mckoolsmith.com

Peter J. Ayers
Texas State Bar No. 24009882
payers@mckoolsmith.com
Scott L. Cole
Texas State Bar No. 00790481
scole@mckoolsmith.com
Josh Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

**ATTORNEYS FOR PLAINTIFFS**