UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERSATA SOFTWARE, et al.,

       Plaintiffs,                    CIVIL ACTION NO.  11-mc-50846

   vs.

                                      DISTRICT JUDGE GEORGE CARAM STEEH

INTERNET BRANDS, INC., et al.,     MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendants.
_____/

### ORDER GRANTING NON-PARTY HINDMAN HARRIS BURRIS III'S MOTION TO QUASH PLAINTIFFS' SUBPOENA (DOCKET NO. 1)

This matter comes before the Court on Non-Party Hindman Harris Burris III's Motion To Quash Plaintiffs' Subpoena.  (Docket no. 1).  Plaintiffs Versata Software, Inc. and Versata Development Group, Inc. (collectively "Versata") filed a response.  (Docket no. 8).  Non-Party Burris filed a reply.  (Docket no. 10).  This matter has been referred to the undersigned for all pretrial proceedings.  (Docket no. 5).  The Court heard oral argument on the motion on October 4, 2010.  The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

Versata filed a complaint in the United States District Court for the Eastern District of Texas against Internet Brands, Inc., Autodata Solutions Company, and Autodata Solutions, Inc. (collectively "Autodata").  The complaint alleges that Autodata made misrepresentations to Chrysler in 2008 during a formal bid process in which Chrysler issued a Request for Proposal and accepted bids for its online retail shopping applications.  Specifically, Versata avers that Autodata misrepresented to Chrysler that it had a license to use and sell Versata's technical solutions which

1

resulted in Autodata being awarded the Chrysler contract. In the underlying action, Versata sues Autodata for patent infringement, breach of settlement agreement, and tortious interference with contract. In addition, Versata seeks a declaratory judgment determining its rights with respect to a settlement agreement between Versata and Autodata. (Docket no. 8, ex. 1).

On April 7, 2011 Versata issued a subpoena to non-party Burris from this district. (Docket no. 8, ex. 7). Burris is the former Manager of Interactive Communications at Chrysler. Versata maintains that Burris is a primary point of contact between Chrysler and Autodata because he worked closely with Versata to implement Chrysler's online retail shopping applications. Additionally, Burris, along with his manager Chuck Sullivan, was involved in the transfer of Chrysler's online retail shopping applications account from Versata to Autodata. Burris retired from Chrysler in 2008, roughly two to four months after Chrysler awarded a contract to Autodata.

Versata's subpoena to Burris commands Burris to produce documents and appear for deposition on April 22, 2011. Specifically, the subpoena directs Burris to produce the following documents: (a) documents relating to communications between Autodata and Chrysler from 2007 to the present; (b) documents relating to Chrysler's decision to replace Versata with Autodata; (c) documents relating to any sales or implementations of Autodata's products or services to Chrysler from 2007 to the present; and (d) documents from Burris' employment at Chrysler referencing or relating to Versata, its products or services, or its patents. (Docket no. 8, ex. 7). Burris served objections to the subpoena, arguing that he had no responsive documents because he left all work-related documents at Chrysler when he retired. He also objected on the grounds that Versata could more readily obtain facts about the bidding process from Autodata and other sources. Versata does not challenge Burris' contention that he does not have responsive documents. However, Versata

continues to pursue Burris' deposition.

Prior to serving its subpoena on Burris, Versata also served document and deposition subpoenas on Chrysler and on Chuck Sullivan, Burris's former Chrysler manager. Versata's subpoena to Chrysler is the subject of a Motion To Quash that has been filed with this Court in a separate case. (Case no. 11-mc-50844). In response to its subpoena, Chrysler produced relevant, non-privileged documents in its possession, custody, or control related to Autodata, Versata, and the disputed bid process. Furthermore, the parties informed the Court at the hearing on the instant motion that the deposition of Chuck Sullivan is scheduled to go forward. Therefore, as of the date of this order, Versata is in possession of all relevant, non-privileged Chrysler documents related to Autodata, Versata, and the bid process, and it will obtain deposition testimony from an individual employed at Chrysler when the requests for proposals were submitted and who was involved in the bid process.

In the instant motion, Burris moves to quash the subpoena on the grounds that it is duplicative and overly burdensome. Burris contends that he is a non-party to the underlying litigation, and maintains that all of the discoverable facts about the bid process are contained in Chrysler's documents or are readily obtainable from Autodata or other sources. Versata opposes the motion, arguing that Burris' deposition is necessary because Burris was involved in the technical aspects of the bid, whereas Chuck Sullivan was involved only in the bid process.

Federal Rule of Civil Procedure 45(c) governs the protection of persons subject to a subpoena. Rule 45(c)(3)(A)(iv) requires the issuing court, upon timely motion, to quash or modify a subpoena that subjects a person to undue burden. In making this determination, the court must weigh the relevance of the requested material against the burden of producing the material.

*E.E.O.C. v. Ford Motor Credit Co.,* 26 F.3d 44, 47 (6th Cir.1994).  Non-party status is a significant factor to be weighed in the undue burden analysis.  *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 09-50630, 2009 WL 2351769, at *1 (E.D. Mich.  July 28, 2009) (citation omitted). Pursuant to Rule 26(b)(2)(C)(i), the court must limit the frequency or extent of discovery if it determines that the discovery is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

The Court has reviewed the arguments of counsel, the subpoenas and the attached exhibits, and finds that Versata's request for a deposition of Burris is unreasonably cumulative, duplicative, and overly burdensome.  The subpoena directed to Burris is not limited to Burris' technical knowledge of the bid, but instead broadly seeks documents and testimony about Chrysler's communications between and relationship with Versata and Autodata, and its decision to award its online retail applications contract to Autodata.  The Court is not persuaded that the information Versata seeks cannot be more readily obtained from Burris' former manager, Chuck Sullivan, from Autodata itself, or from Chrysler's document production.  Moreover, the Court is satisfied that Burris does not have documents identified in the subpoena in his possession, custody, or control. Accordingly, the Court will grant Burris' Motion To Quash Plaintiffs' Subpoena.

**IT IS THEREFORE ORDERED** that Non-Party Hindman Harrison Burris III's Motion To Quash Plaintiffs' Subpoena (docket no. 1) is **GRANTED**.

## NOTICE TO PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: October 14, 2011            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 14, 2011            s/ Lisa C. Bartlett
                                   Case Manager